[ ] AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

IN RE:    (1)  Laura Denise Moore                                    Case No.

        (2)
Debtor(s)                                                            Chapter 13
_____

CHAPTER 13 PLAN
_____

Address: (1)   1023 Jessica Lauren Drive                (2)
            Cordova, TN 38018

PLAN PAYMENT:

    DEBTOR (1) shall pay $ 180.00    ( )weekly, (x)every two weeks, ( )semimonthly, or ( )monthly

        (x)PAYROLL DEDUCTION FROM:                              OR  ( )direct pay
        Shelby County Schools
        160 S. Hollywood
        Memphis, TN 38112

    DEBTOR (2) shall pay $             ( )weekly, ( )every two weeks, ( )semimonthly, or ( )monthly

        ( )PAYROLL DEDUCTION FROM:                              OR  ( )direct pay


1. THIS PLAN (Rule 3015.1 Notice):

    (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19}       ( )YES   (x)NO

    (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF       ( )YES   (x)NO
        THE COLLATERAL FOR THE CLAIM.  [See plan provision #7 and #8]

    (C) AVOIDS A SECURITY INTEREST OR LIENS [See plan provision #12]        ( )YES   (x)NO

2. ADMINISTRATIVE EXPENSES:  Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. AUTO INSURANCE:  ( )Included in plan, OR ( )Not included in Plan; Debtor(s) to provide proof of insurance
                            at Section 341 meeting.

4. DOMESTIC SUPPORT:  Paid by ( )Debtor(s) directly, ( )wage assignment, OR ( )Trustee to:    Monthly Plan Payment

    _____; ongoing payment begins _____    $_____
                Approximate arrearage:  _____    $_____
    _____; ongoing payment begins _____    $_____
                Approximate arrearage:  _____    $_____

5. PRIORITY CLAIMS:
    _____ Amount: _____    $_____
    _____ Amount: _____    $_____

6. HOME MORTGAGE CLAIMS: ( ) Paid directly by Debtor(s);  OR  ( )Paid by Trustee to:

    _____; ongoing payment begins _____    $_____
                Approximate arrearage:  _____    $_____
    _____; ongoing payment begins _____    $_____

       Approximate arrearage: _____  $_____

7. SECURED CLAIMS:

| [Retain lien 11 U.S.C. 1325(a)(5) | Value of Collateral: | Rate of interest: | Monthly Plan Payment: |
|---|---|---|---|
| Credit Acceptance Corporation | $8314.00 | 7 % | $ 180.00 |
| _____ | _____ | ____ % | $_____ |
| _____ | _____ | ____ % | $_____ |

8. SECURED AUTOMOBILE CLAIMS FOR DEBT WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:

| [Retain lien 11 U.S.C. 1325(a)] | Value of Collateral: | Rate of interest: | Monthly Plan Payment: |
|---|---|---|---|
| _____ | _____ | ____ % | $_____ |
| _____ | _____ | ____ % | $_____ |
| _____ | _____ | ____ % | $_____ |

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:

 _____ Collateral: _____
 _____ Collateral: _____

10. SPECIAL CLASS UNSECURED CLAIMS:

| | Amount: | Rate of interest: | Monthly Plan Payment: |
|---|---|---|---|
| _____ | _____ | ____ % | $_____ |
| _____ | _____ | ____ % | $_____ |
| _____ | _____ | ____ % | $_____ |

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:

 FedLoan Servicing/US Dept. of Ed. (x) Not provided for OR ( ) General unsecured creditor
 _____ ( ) Not provided for OR ( ) General unsecured creditor

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):
 _____
 _____

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $_____

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:
 ( ) _____% OR,
 (x) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:
 _____ ( ) Assumes OR ( ) Rejects.
 _____ ( ) Assumes OR ( ) Rejects.

17. COMPLETION: Plan shall be completed upon payment of the above, approximately 60 months.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISIONS:
 _____
 _____
 _____
 ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE AS STATED IN

PROVISION 19.

_/s/Steven F. Bilsky_____    DATE:_____1-15-19_____
Debtor(s) Attorney Signature or Pro Se Debtor(s)' Signature